OPINION
{¶ 1} Kelly Stahl appeals from his conviction and sentence following a nocontest plea to one count of rape in violation of R.C. § 2902.07(A)(1)(b).
 {¶ 2} Stahl advances four assignments of error on appeal. First, he contends the trial court erred in not suppressing pretrial statements he made to a police detective. Second, he claims the trial court erred in not finding a violation of his constitutional right to a speedy trial. Third, he argues that the trial court erred in not dismissing the indictment against him due to prosecutorial vindictiveness. Fourth, he asserts that the trial court erred in denying his motion for a second evaluation to determine his competence to stand trial.
 {¶ 3} The present appeal stems from an allegation that Stahl engaged in sexual conduct with his five-year-old niece. A Greene County grand jury originally indicted him on one count of rape. The indictment included language indicating that the victim was less than ten years old, which made the offense punishable by life in prison. In the course of preparing for trial, the State requested records from Children's Medical Center, where the victim had been examined following the rape allegation. The State did not receive the records until shortly before the scheduled trial date. Upon reviewing the records, however, the State discovered allegations of additional sexual activity between Stahl and the victim. As a result, the State dismissed the one-count indictment and re-indicted Stahl on two counts of rape, one count of sexual battery, and one count of gross sexual imposition.
 {¶ 4} Stahl subsequently moved to dismiss the second indictment on the basis of unreasonable pre-indictment delay, a constitutional speedy trial violation, and prosecutorial vindictiveness. Although Stahl already had undergone a courtordered competence evaluation following the first indictment, he also moved for a second evaluation. In addition, Stahl moved to suppress statements he had made to police while they were investigating the case. Following a hearing, the trial court dismissed the count alleging gross sexual imposition. As for the other counts, the trial court reserved ruling on the unreasonable delay/speedy trial issue but found no prosecutorial vindictiveness. The trial court also overruled Stahl's motion for a second competence evaluation and his motion to suppress.
 {¶ 5} Stahl then entered into a plea agreement with the State. In exchange for his plea of no-contest to the original rape charge, the State agreed to drop the other charges in the second indictment. The State also agreed to delete language in the original rape charge alleging that the victim was under ten years old, which would have required a life sentence. Finally, Stahl and the State jointly recommended that he receive a five-year sentence and that he be classified as a sexually oriented offender for an aggravated sexually oriented offense. The trial court accepted the plea agreement and sentenced Stahl in accordance with it. This timely appeal followed.
 {¶ 6} In his first assignment of error, Stahl contends the trial court erred in not suppressing pretrial statements he made to a police detective. In support, he argues that the detective failed to obtain a valid waiver of his Miranda rights.
 {¶ 7} Upon review, we find the foregoing argument to be unpersuasive. On appeal, Stahl disputes whether detective Alonzo Wilson, who interviewed him while investigating the case prior to his indictment, adequately explained his Miranda rights and ensured a knowing and intelligent waiver of those rights. Our review of the suppression hearing transcript reveals, however, that Miranda was not implicated because Stahl plainly was not in custody when he spoke to the detective.
 {¶ 8} It is well settled that "[p]olice are not required to administerMiranda warnings to everyone whom they question. `Nor is the requirement of warnings to be imposed simply because the questioning takes place in the station house, or because the questioned person is one whom the police suspect.' Only custodial interrogation triggers the need forMiranda warnings. [Oregon v. Mathiason (1977), 429 U.S. 492]. The determination whether a custodial interrogation has occurred requires an inquiry into `how a reasonable man in the suspect's position would have understood his situation.' `[T]he ultimate inquiry is simply whether there is a formal arrest or restraint on freedom of movement of the degree associated with a formal arrest.'" State v. Biros (1997),78 Ohio St.3d 426 (citations omitted).
 {¶ 9} In the present case, Stahl voluntarily appeared at the Xenia police station to meet with detective Wilson. At the time of the interview, Stahl had not been arrested, and police still were investigating the case. Nothing in the record suggests that Wilson prevented Stahl from leaving the interview room or in any way restricted his freedom of movement. We note too that Stahl returned home after speaking with Wilson. The record is devoid of any facts from which we reasonably could conclude that Stahl was in custody for purposes ofMiranda. Thus, there is no need to discuss whether Stahl validly waived his Miranda rights, which were not implicated by the interview.[1]
Stahl's first assignment of error is overruled.
 {¶ 10} In his second assignment of error, Stahl claims the trial court erred in not finding a violation of his constitutional right to a speedy trial.
 {¶ 11} In Ohio, the constitutional right to a speedy trial is implemented by the statutory scheme imposing specific time limits in R.C. § 2945.71, et seq. Although Stahl couches his claim as a speedy trial violation, his appellate brief is devoid of any argument that the State failed to bring him to trial within the time required by the foregoing statute.
 {¶ 12} Stahl's real argument is that the State's pre-indictment delay in bringing additional charges against him violated his constitutional rights. In support, he relies on State v. Conley, Clark App. No. 01-CA-0013, 2001-Ohio-1474. There we recognized that "[e]ven though [d]efendant's right to a speedy trial was not violated by the delay in commencing prosecution in this case, a delay between commission of an offense and indictment therefor which results in actual prejudice to the defendant can, under certain circumstances, constitute a violation of the constitutional right to due process of law." Id. Such a delay must be unjustifiable and must result in actual prejudice to a defendant in order to constitute a due process violation. Id.
 {¶ 13} Relying on Conley, Stahl argues that the State violated his constitutional rights when, after dismissing the one-count rape indictment, it reindicted him on the original charge and three new charges. Stahl insists that the State knew the facts supporting the additional charges when it filed the original onecount indictment. Therefore, he contends that the State's delay in bringing the additional charges was unjustifiable. He also argues that the delay resulted in actual prejudice. In particular, he reasons that he suffered actual prejudice because the State subsequently charged him with four felonies instead of one.
 {¶ 14} Upon review, we find the foregoing argument to be without merit. As an initial matter, we note that Stahl's argument does not implicate the original rape charge to which he entered his no-contest plea. Moreover, during a hearing on Stahl's motion, the trial court dismissed the new gross sexual imposition charge against him. The only other charges against Stahl were the second rape charge and the sexual battery charge, both of which were added in the second indictment. Unfortunately for Stahl, however, the trial court took his motion under advisement as to those two counts. He entered his no-contest plea the following day before the trial court could resolve the issue. By entering a no-contest plea before the trial court could decide the issue, Stahl waived any argument that including a new rape charge and a sexual battery charge in the second indictment violated his due process rights.
 {¶ 15} Even if Stahl had not waived his ability to challenge the second indictment by virtue of pleading no contest, we would find no due process violation. As noted above, Stahl was required to show that the State's delay in bringing the new charges was unreasonable and that the delay resulted in actual prejudice to him. He failed to make either showing. As for the reasonableness of the delay, it appears to have been justified based on the State's discovery of additional evidence shortly before trial. On the issue of prejudice, Stahl argues only that the filing of the new charges prejudiced him because he faced punishment for four felonies rather than one. In order to establish a due process violation, however, Stahl must do more than demonstrate the inherent prejudice that results whenever a defendant faces additional charges. As noted above, Stahl was required to prove that the delay in bringing the new charges, and not the mere fact of the charges, prejudiced him in some way. He failed to make such a showing. Accordingly, we overrule his second assignment of error.
 {¶ 16} In his third assignment of error, Stahl argues that the trial court erred in not dismissing the indictment against him due to prosecutorial vindictiveness. In support, Stahl notes that the prosecutor dismissed the original one-count rape indictment against him only after the trial court ruled that the victim's therapist could not testify at trial. Stahl asserts that the prosecutor responded to this ruling by vindictively re-indicting him on the original rape charge as well as new charges of rape, sexual battery, and gross sexual imposition.
 {¶ 17} We find Stahl's argument to be without merit. A prosecutor violates due process by punishing a defendant for doing something the law permits. State v. Garrison (Nov. 19, 1999), Greene App. No. 99CA42. Thus, a prosecutor cannot reindict a defendant on additional charges to retaliate for the defendant obtaining a favorable ruling on a pre-trial motion. The record in the present case, however, reveals no such action by the State. At a hearing on Stahl's motion, the State presented testimony that Stahl's re-indictment stemmed solely from the discovery of evidence that he had committed additional sex acts with the victim. The trial court credited this testimony and found no evidence of prosecutorial vindictiveness. It is well settled that the discovery of additional evidence is a legitimate basis for further prosecution. UnitedStates v. Goodwin (1982), 457 U.S. 368, 381. The facts of the present case do not support applying a presumption of vindictiveness, id. at 381-382, and Stahl failed to show actual vindictiveness. Accordingly, we overrule his third assignment of error.
 {¶ 18} In his fourth assignment of error, Stahl asserts that the trial court erred in denying his motion for a second evaluation to determine his competence to stand trial. In support, Stahl contends he has "mental deficiencies." He also notes that he had been in jail for about a year when he requested a second evaluation.
 {¶ 19} Upon review, we find this assignment of error to be without merit. Pursuant to R.C. § 2945.371(A), a trial court may order one or more evaluations of a defendant's present mental condition whenever his competence to stand trial is at issue. "No competency evaluation, therefore, is required by R.C. § 2945.371 every time that the issue of a defendant's mental condition is raised. Rather, `the wording of the statute implies that the ordering of an examination is a matter within the discretion of the trial court.'" State v. Dye (Sept. 2, 1999), Licking App. No. 99-CA-2, quoting State v. Bailey (1992),90 Ohio App.3d 58, 67.
 {¶ 20} We find no abuse of discretion in the trial court's refusal to order a second competence evaluation. Although Stahl asserts generally that he has "mental deficiencies," he makes no specific argument on this point. He also fails to explain why his incarceration for a year would necessitate another examination. We note too that Stahl conversed intelligently with the trial court judge during his plea hearing and did not display any difficulty understanding the nature of the proceedings or the charges against him. This fact further militates against finding an abuse of discretion in the trial court's ruling on the motion for a second competence examination. Stahl's fourth assignment of error is overruled.
 {¶ 21} Having overruled each of Stahl's assignments of error, we affirm the judgment of the Greene County Common Pleas Court.
Judgment affirmed.
Grady, J. and Young, J., concur.
(Hon. Frederick N. Young, Retired from the Court of Appeals, Second Appellate District sitting by assignment of the Chief Justice of the Supreme Court of Ohio)
[1] In its appellate brief the State also raises a second issue, arguing that Stahl's statements to detective Wilson were voluntary and not coerced. We need not address this issue, however, because Stahl has not raised it on appeal. He argues only that detective Wilson failed to obtain a valid waiver of his Miranda rights, which is a different issue. See State v. Kelly, Greene App. No. 2004-CA-20, 2005-Ohio-305, at ¶ 10-11.