OPINION
{¶ 1} The juvenile Appellant in this case was charged with five counts of rape and one count of gross sexual imposition in the Juvenile Division of the Licking County Common Pleas Court.
 STATEMENT OF THE FACTS AND CASE {¶ 2} The facts as stated by Appellant and agreed with by the State are that Appellant was alleged to have engaged in sexual conduct with Zachary Marlo three times, with Chris Wolfe once and with Brenton Marlo once.
 {¶ 3} Also, it was alleged that Appellant caused Chris Wolfe and Zachary Marlo to have sexual contact with each other.
 {¶ 4} The testimony supported these charges.
 {¶ 5} Appellant admitted to two of the counts and the remainder were dismissed. Appellant was sentenced to the Department of Youth Services for a minimum of six years but not in excess of his 21st birth date.
 {¶ 6} A delayed appeal was granted by this Court after which the ruling of the trial court on his suppression motion was reversed and the cause remanded.
 {¶ 7} After a new trial on January 18, 2005, Counts 2, 4 and 5 were found true, with 1, 2, and 6 dismissed and Appellant was again sent to such State agency.
 {¶ 8} Six Assignments of Error are raised:
 ASSIGNMENTS OF ERROR {¶ 9} "I. THE TRIAL COURT ERRED BY FAILING TO CONDUCT A COMPETENCY EVALUATION OF MICHAEL MOYER PRIOR TO TRIAL IN VIOLATION OF HIS RIGHT TO DUE PROCESS OF LAW.
 {¶ 10} "II. THE TRIAL COURT ERRED BY FINDING ZACHARY MARLO COMPETENT TO TESTIFY AS A WITNESS.
 {¶ 11} "III. THE TRIAL COURT ERRED BY PERMITTING ZACHARY MARLO TO TESTIFY IN SPITE OF THE FACT THAT HE DID NOT UNDERSTAND THE OATH.
 {¶ 12} "IV. THE TRIAL COURT ERRED BY PERMITTING JANET McCLEERY TO MAKE HEARSAY STATEMENTS REGARDING COMMENTS MADE BY ZACHARY MARLO.
 {¶ 13} "V. THE TRIAL COURT ERRED BY PERMITTING JANET McCLEERY TO TESTIFY THAT THE CHILDREN HAD BEEN SEXUALLY ABUSED.
 {¶ 14} "VI. THE TRIAL COURT'S FINDING MICHAEL GUILTY OF COUNT V (R-1) IN THE COMPLAINT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
 {¶ 15} We agree with Appellee that Appellant presents an abuse of discretion standard to be considered with respect to each Assignment of Error except Assignment VI.
 {¶ 16} In order to find an abuse of discretion, we must determine that the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217. We must look at the totality of the circumstances in the case subjudice and determine whether the trial court acted unreasonably, arbitrarily or unconscionably.
 I. {¶ 17} As to the First Assignment, Appellant asserts error by the court in failing to order a competency evaluation in addition to that performed two years previously by Dr. Miller which found Appellant Michael Moyer to be competent to stand trial.
 {¶ 18} In this regard, Appellant correctly refers to Statev. Rubenstein (1987), 40 Ohio App.3d 57, which, under circumstances warranting a question as to competency, the court is to consider:
 {¶ 19} "(1) doubts expressed by counsel as to the defendant's competence;
 {¶ 20} "(2) evidence of irrational behavior;
 {¶ 21} "(3) the defendant's demeanor at trial; and
 {¶ 22} "(4) prior medical opinion relating to competence to stand trial."
 {¶ 23} In this case, the court had prior experience with Mr. Moyer and the prior evaluation as to his competence.
 {¶ 24} In evaluating the concern expressed by Appellant's counsel that he was not communicating with them, the court stated (Tr., p. 8):
 {¶ 25} "THE COURT: The motion to continue today's hearing for a competency evaluation will be denied. I specifically find that the record in this case indicates Michael is capable of assisting in his own defense and is capable of understanding and appreciating the nature of today's proceedings.
 {¶ 26} "If there have been recent difficulties with regard to communication with Michael, it would be because he is unwilling to communicate with counsel, that would be Michael's choice and would not cause one to believe he might not be competent or to warrant the continuance of today's hearing in order to determine that issue. So, the motion to continue would be denied."
 {¶ 27} With this experience, the lack of irrational behavior or strange demeanor and the prior evaluation, we find no abuse of discretion in denying an additional evaluation. It should be noted that State v. Rubenstein, supra, specifically, speaks of prior evaluations.
 {¶ 28} We therefore reject the First Assignment of Error.
 II., III. {¶ 29} We shall address the Second and Third Assignments together.
 {¶ 30} We disagree as to each.
 {¶ 31} Evidence Rule 601(A) states:
 {¶ 32} "Every person is competent to be a witness except:
 {¶ 33} "Those of unsound mind, and children under ten years of age, who appear incapable of receiving just impressions of the facts and transactions respecting which they are examined, or of relating them truly."
 {¶ 34} The Ohio Supreme Court in State v. Clark (1994),71 Ohio St.3d 466, stated:
 {¶ 35} "The presumption established by Evid.R. 601(A) recedes in those cases where a witness is either of unsound mind or under the age of ten. In such cases, the burden falls on the proponent of the witness to establish that the witness exhibits certain indicia of competency. This court established a test for determining competency in State v. Frazier (1991),61 Ohio St.3d 247, 574 N.E.2d 483, syllabus, certiorari denied (1992),503 U.S. 941, 112 S.Ct. 1488, 117 L.Ed.2d 629. There, we held that in determining whether a child under ten is competent to testify, the trial court must take into consideration: the child's ability to receive accurate impressions of fact, the child's ability to recollect those impressions, the child's ability to communicate what is observed, the child's understanding of truth and falsity, and the child's appreciation of his or her responsibility to tell the truth. Once a trial judge concludes that the threshold requirements have been satisfied, a witness under the age of ten will be deemed competent to testify."
 {¶ 36} Absent abuse of discretion, competency determinations of trial judge may not be disturbed on appeal.
 {¶ 37} In these Assignments, Appellant questions certain inconsistencies of Zachary Marlo in his responses during the competency determination.
 {¶ 38} Some of these responses indicated that such child could not recall the year of his birth or his street address and expressed variations in response to punishment for lying.
 {¶ 39} There are certain inaccuracies in Appellant's representations in his brief. As pointed out by Appellee, Appellant's claims that the child could not testify as to the flood or power outage fail as no evidence was presented that such events occurred.
 {¶ 40} Also, Appellant states that the court (Tr. 77-78) had serious concerns about his competency to testify. The record indicates no concern by the court over his competency but rather as to the weight of his testimony.
 {¶ 41} Appellant states that the mother had to tell him when the conduct occurred. This relates to his age when it occurred, not to what occurred.
 {¶ 42} As to knowing the need to tell the truth and punishment for a lie, the child stated:
 {¶ 43} "And why is it important to tell the truth, Zach? What happens if you lie? Let's put it that way.
 {¶ 44} "You get in trouble.
 {¶ 45} "Okay. What happens if you lie to your mom?
 {¶ 46} "Get your butt spanked.
 {¶ 47} "You get your butt spanked? What happens if you lie to your teacher?
 {¶ 48} "Get to the office.
 {¶ 49} "The principal's office?
 {¶ 50} "Yeah.
 {¶ 51} "And you get in trouble?
 {¶ 52} "Yeah.
 {¶ 53} "* * * * Now, is it — you understand it's important to tell the truth today?
 {¶ 54} `Yes.
 {¶ 55} "Okay. And you think you're going to get in trouble if you don't tell the truth?
 {¶ 56} "No.
 {¶ 57} "Okay. What happens if you lie to the Court? You think you'll get in trouble if you lie to the Court or the judge?
 {¶ 58} "Yes."
 {¶ 59} As to inconsistencies, the Ohio Supreme Court inState v. Frazier (1991), 61 Ohio St.3d 247, stated:
 {¶ 60} "A seven-year-old child was competent to testify in an aggravated murder trial despite inconsistency in child's references to defendant's name, where child identified defendant in both a lineup and in court, consistently testified that if he did not tell the truth he would receive a `whooping' and exhibited an understanding of truth and falsity."
 {¶ 61} Also, as to the meaning of an oath, the court in such case held:
 {¶ 62} "Evidence supported finding that seven-year-old child was competent to testify at murder prosecution despite defendant's contention that child did not understand the meaning of an oath; no special verbal formula was required for either oath or affirmation. Rules of Evid., Rule 603."
 {¶ 63} After the competency determination, at commencement of testimony to the jury, the record merely indicates the witness was sworn (Tr. p. 79).
 {¶ 64} We find no abuse of discretion and reject the Second and Third Assignments of Error.
 IV. {¶ 65} The Fourth Assignment again argues lack of competency of Zachary Marlo as to statements made to nurse-practitioner Janet McCleery which the court admitted under the hearsay exception for statements made for medical diagnosis.
 {¶ 66} Appellant does not question the exception basis for admission of the statements but competency of Zachary who testified.
 {¶ 67} We have answered the objection to the claim of incompetency in ruling in the Second and Third Assignments.
 {¶ 68} This Fourth Assignment is, therefore, not well taken.
 V. {¶ 69} The Fifth Assignment asserts error in nurse practitioner Janet McCleery's opinion of sexual abuse of children. We disagree.
 {¶ 70} Appellant relies in part on State v. Bragg (Apr. 15, 2004), 5th Dist. No. 2004-Ohio-1943 and State v. Crum (Oct. 26, 1998), 5th Dist. No. 97-CA-0134.
 {¶ 71} We find such reliance to be misplaced.
 {¶ 72} In the State v. Crum case, the opinion of a nurse practitioner as to sexual abuse was inadmissible as it was "improperly admitted in the absence of physical indicia of abuse".
 {¶ 73} In this case, her opinion was based not only on statements of Zachary but on physical examination (Tr. 135). An objection was made as to this opinion as to sexual abuse of Brenton since it was not based on physical findings. Such objection was sustained.
 {¶ 74} Her opinion as to Zachary, since it was based in part on physical findings is in line with this Court's opinion inState v. Kelly (1994), 93 Ohio App.3d 257 which, while it involved an opinion of sexual abuse by a physician rather than a nurse practitioner, was permitted.
 {¶ 75} In such case, this Court stated:
 {¶ 76} "Physician was qualified to give expert testimony, in prosecution of defendant for rape of his two daughters, that, based on her physical examination of one daughter, it was her opinion that daughter she examined had been sexually abused. Rules of Evid., Rule 703."
 {¶ 77} As to the profession of Ms. McCleery, this Court inState v. Bragg, supra, reviewed opinions of other appellate courts and stated:
 {¶ 78} "We have previously addressed appellant's argument with respect to the testimony of pediatric nurse practioners [SIC] In State v. Crum (Oct. 26, 1998), 5th Dist. No. 97-CA-0134, this court stated: `Nurse practioners [SIC] may evaluate and treat patients consistent with their education, certification, and standards adopted by professional boards. R.C.4723.151. Existing precedent confirms the propriety of allowing a nurse practioner [SIC] to testify as an expert regarding medical findings. In State v. Ramos (June 12, 1997), Cuyahoga App. No. 70129, unreported, the Eighth District Court of Appeals held a nurse practioner's [SIC] testimony regarding the sexual abuse of a child was proper since the testimony was primarily related to physical changes indicative of sexual intercourse. The Ninth District Court of Appeals held in State v. Pierce (Feb. 12, 1997), Summit App. No. 17684, a nurse practioner [SIC] may testify regarding whether a patient's physical condition is consistent with a history of sexual abuse." See also, State v.Draughon, 10th Dist. No. 02-CA-895, 2004-Ohio-320 at ¶ 62;State v. Lee (July 31, 2003), 10th Dist. No. 02-AP-1340 at ¶ 33."
 {¶ 79} Since Ms. McCleery's opinions as to Zachary were based both on the history taken and physical findings and she was qualified as an expert, we find no abuse of discretion in admitting such opinion of sexual abuse.
 {¶ 80} The Fifth Assignment is overruled.
 VI. {¶ 81} The Sixth Assignment concerns manifest weight of the evidence.
 {¶ 82} In reviewing the records to the manifest weight of the evidence, a reviewing court is to examine the entire record, weigh the evidence and draw all reasonable inferences, consider the credibility of the witnesses and determine "whether in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the judgment must be reversed and a new trial ordered.State v. Martin (1983), 20 Ohio App.3d 172. See also, State v.Thompkins (1997), 78 Ohio St.3d 380. The discretionary power to grant a new Ashould be exercised only in the exceptional case in which the evidence weighs heavily against the conviction.Martin at 175. Because the trier of fact is in a better position to observe the witnesses= demeanor and weigh their credibility, the weight of the evidence and the credibility of the witnesses are primarily for the trier of fact. State v.DeHass (1967), 10 Ohio St.2d 230.
 {¶ 83} Based upon the facts noted, and the entire record, we do not find the decision was against the manifest weight of the evidence. There was a sufficient, competent evidence to support the finding even though discrepancies occurred as to statements made before and during trial.
 {¶ 84} The Sixth Assignment is overruled.
 {¶ 85} This cause is affirmed at Appellant's costs.
Boggins, P.J. Gwin, J. and Hoffman, J. concur.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Licking County, Ohio is affirmed. Costs to Appellants.