[Cite as *In re Andrew W.*, 2014-Ohio-1576.]

COURT OF APPEALS
KNOX COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| IN RE:  ANDREW  W. | : | JUDGES: |
| | : | Hon. William B. Hoffman, P.J. |
| | : | Hon. Sheila G. Farmer, J. |
| | : | Hon. Craig R. Baldwin, J. |
| | : | |
| | : | Case No. 13-CA-24 |
| | : | |
| | : | O P I N I O N |

CHARACTER OF PROCEEDING:              Appeal from the Court of Common
                                       Pleas, Juvenile Division, Case Nos.
                                       2121387 and 2131207

JUDGMENT:                              Reversed and Remanded

DATE OF JUDGMENT:                      April 11, 2014

APPEARANCES:

For Appellee                           For Appellant

JOSEPH D. SAKS                         CHARLYN BOHLAND
117 East High Street                   250 East High Street
Suite 234                              Suite 1400
Mount Vernon, OH  43050                Columbus, OH  43215

*Farmer, J.*

{¶1} On December 6, 2012, a complaint was filed against appellant, Andrew W., a juvenile, age sixteen, alleging he was a delinquent child for committing two counts of rape in violation of R.C. 2907.02 and one count of violating the liquor-control law in violation of R.C. 4301.69 (Case No. 2121387). Said charges arose from an incident involving appellant and a sixteen year old girl, Mary S.

{¶2} On January 10, 2013, appellant raised the issue of his competency. By journal entry filed January 15, 2013, the trial court ordered a competency evaluation. The evaluation was performed on January 29, 2013, and a report was filed on February 11, 2013. A competency hearing was never held and a competency determination was never made.

{¶3} On June 7, 2013, a second complaint was filed against appellant, alleging he was a delinquent child for committing two counts of gross sexual imposition in violation of R.C. 2907.05 and one count of tampering with evidence in violation of R.C. 2921.12 (Case No. 2131207). These charges arose from the same incident involving Mary S.

{¶4} A trial commenced on June 24, 2013. The trial court found appellant delinquent of one of the rape counts, the liquor-control law violation, one of the gross sexual imposition counts, and the tampering count. The trial court dismissed the forcible rape and forcible gross sexual imposition counts. By journal entry filed July 10, 2013, the trial court committed appellant to the Ohio Department of Youth Services for a minimum aggregate term of one year to a maximum term until his twenty-first birthday.

{¶5} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:

I

{¶6} "ANDREW WAS DENIED HIS RIGHT TO DUE PROCESS OF LAW WHEN THE JUVENILE COURT FAILED TO HOLD A HEARING TO DETERMINE COMPETENCY AND FAILED TO ISSUE A WRITTEN COMPETENCY DETERMINATION, IN VIOLATION OF R.C. 2152.58, THE FOURTEENETH AMENDMENT TO THE UNITED STATES CONSTITUTION, AND ARTILE I, SECTION 16 OF THE OHIO CONSTITUTION."

II

{¶7} "THE JUVENILE COURT VIOLATED ANDREW'S RIGHT TO DUE PROCESS OF LAW WHEN IT ADJUDICATED HIM DELINQUENT IN THE ABSENCE OF SUFFICIENT, CREDIBLE, AND COMPETENT EVIDENCE, IN VIOLATION OF THE FOURTEENTH AMENDMENT TO THE U.S. CONSTITUTION, ARTICLE I, SECTION 16 OF THE OHIO CONSTITUTION, AND JUVENILE RULE 29(e)(4)."

III

{¶8} ANDREW WAS DENIED HIS RIGHT TO DUE PROCESS OF LAW WHEN HE WAS ADJUDICATED DELINQUENT OF R.C. 2907.02(A)(1)(c) AND R.C. 2907.05(A)(5) BECAUSE THE STATUTES FAIL TO PROVIDE GUIDELINES DESIGNATING WHICH ACTOR IS THE VICTIM AND WHICH IS THE OFFENDER, AND RESULTS IN THE ARBITRARY AND DISCRIMINATORY ENFORCEMENT OF THE LAWS IN VIOLATION OF THE FOURTEENTH AMENDMENT TO THE UNITED

STATES CONSTITUTION AND ARTICLE I, SECTION 16, OF THE OHIO CONSTITUTION."

IV

{¶9}   ANDREW WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL AS GUARANTEED BY THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTUION AND ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION."

I

{¶10} Appellant claims the trial court erred in failing to hold a competency hearing and failing to make a written determination as to competency pursuant to R.C. 2152.58.  We agree.

{¶11} A competency evaluation report was filed on February 11, 2013.  A competency hearing was never held and a competency determination was never made.

{¶12} R.C. 2152.58 governs competency hearings.  Subsections (A) and (D)(1) state the following:

> (A) Not less than fifteen nor more than thirty business days after receiving an evaluation under division (A) of section 2152.57 of the Revised Code or not less than fifteen nor more than thirty business days after receiving an additional evaluation under division (E) of that section, the court *shall* hold a hearing to determine the child's competency to participate in the proceeding.

(D)(1) Except as otherwise provided in this division, the court *shall* make a written determination as to the child's competency or incompetency based on a preponderance of the evidence within fifteen business days after completion of the hearing. The court, by journal entry, may extend the period for making the determination for not more than fifteen additional days. If the court extends the period for making the determination, it shall make the written determination within the period as extended. (Emphasis added.)

{¶13} The state concedes the statutes were not followed, but argues harmless error because the record fails to reveal sufficient indicia of incompetency à la *State v. Bock,* 28 Ohio St.3d 108, paragraph one of the syllabus:

The failure to hold a competency hearing is harmless error where the defendant proceeds to participate in the trial, offers his own testimony in defense and is subject to cross-examination, and the record fails to reveal sufficient indicia of incompetency. (*Pate v. Robinson* [1966], 383 U.S. 375, 86 S.Ct. 836, 15 L.Ed.2d 815 and *Drope v. Missouri* [1975], 420 U.S. 162, 95 S.Ct. 896, 43 L.Ed.2d 103, construed and followed.)

{¶14} The *Bock* case involved an adult defendant. As noted by the *Bock* court at 110, the landmark case on this issue is *Pate v. Robinson,* 383 U.S. 375 (1966). In *Pate,* again, an adult defendant, the United States Supreme Court examined the issue

of competency under Illinois law via a habeas corpus petition. The court noted defense counsel failed to demand a "sanity hearing" as required under Illinois law. Nevertheless, the *Pate* court granted habeas corpus relief, finding the following at 385-386:

The Supreme Court of Illinois held that the evidence here was not sufficient to require a hearing in light of the mental alertness and understanding displayed in Robinson's 'colloquies' with the trial judge. 22 Ill.2d, at 168, 174 N.E.2d, at 823. But this reasoning offers no justification for ignoring the uncontradicted testimony of Robinson's history of pronounced irrational behavior. While Robinson's demeanor at trial might be relevant to the ultimate decision as to his sanity, it cannot be relied upon to dispense with a hearing on that very issue. Cf. Bishop v. United States, 350 U.S. 961, 76 S.Ct. 440, 100 L.Ed. 835 (1956), reversing, 96 U.S.App.D.C. 117, 120, 223 F.2d 582, 585 (1955). Likewise, the stipulation of Dr. Haines' testimony was some evidence of Robinson's ability to assist in his defense. But, as the state prosecutor seemingly admitted, on the facts presented to the trial court it could not properly have been deemed dispositive on the issue of Robinson's competence.

{¶15} Nine years later, the United States Supreme Court again revisited the issue of competency, this time under Missouri law, in *Drope v. Missouri,* 420 U.S. 162 (1975). In *Drope,* defense counsel prior to trial requested a continuance so the

defendant could obtain psychiatric treatment. The motion included a report from a psychiatrist recommending the treatment. No action was taken on the motion, although the case was continued. Subsequently, defense counsel objected to the rescheduled trial date, citing the defendant was not of "sound mind" and needed further psychiatric evaluation. The trial court denied the objection and proceeded with the trial. During trial, the defendant's wife testified to her husband's irrational behavior and the defendant attempted suicide. The *Drope* court at 180 concluded there was "sufficient doubt of [the defendant's] competence to stand trial to require further inquiry on the question." The *Drope* court explained the following (*Id.*):

> The import of our decision in Pate v. Robinson is that evidence of a defendant's irrational behavior, his demeanor at trial, and any prior medical opinion on competence to stand trial are all relevant in determining whether further inquiry is required, but that even one of these factors standing alone may, in some circumstances, be sufficient. There are, of course, no fixed or immutable signs which invariably indicate the need for further inquiry to determine fitness to proceed; the question is often a difficult one in which a wide range of manifestations and subtle nuances are implicated. That they are difficult to evaluate is suggested by the varying opinions trained psychiatrists can entertain on the same facts.

{¶16} Prior to examining these two cases, the *Bock* court determined: "The United States Supreme Court has approached on a *case-by-case basis* the question of

whether the failure to grant a competency hearing is reversible error." *Bock* at 109-110. (Emphasis added.)

{¶17} We note the *Bock* decision issued on December 24, 1986 was decided well before the enactment of the juvenile competency laws, R.C. 2152.51-2152.59 (effective September 30, 2011). In *Bock*, the defendant was an adult who "testified extensively at trial under direct, cross-, redirect and recross-examinations with no apparent behavior which would lead this court to believe that he was not competent to stand trial." *Bock* at 111. We find the facts sub judice to be distinguishable from *Bock.*

{¶18} Appellant herein is a juvenile and subject to the statutes set forth in R.C. 2152.51-2152.59. As cited above, R.C. 2152.58(A) and (D)(1) state a trial court, after receiving an evaluation, *shall* hold a hearing and *shall* make a written determination as to competency. The evaluation on appellant was performed on January 29, 2013, and a report was filed on February 11, 2013. The report was addressed to the trial court judge. No other action, notice, motion, discovery, or finding in the record was taken relative to competency. There is no evidence to suggest that defense counsel saw the report, stipulated to the report, or objected to the report.

{¶19} The matter of appellant's competency was first raised during the detention hearing held on November 13, 2012, wherein the Director of Juvenile Probation, Joseph Mazzari, stated: "Your Honor, if I may help the court in understanding Andrew's needs and disabilities. He really truly, I don't know if he fully understands the process here. I know he is here with his mother, but I would make the court aware that it might be best if he had an attorney." Appellant's participation in the hearing was monosyllabic at best, limited to "yeah" or "yes."

{¶20} Following the request for a competency evaluation, the trial court found "there is a reasonable basis to conduct a competency evaluation" and ordered an evaluation. See Journal Entry filed January 15, 2013. As stated above, the record is devoid of anything further on the competency issue.

{¶21} A trial commenced on June 24, 2013. Appellant did not testify during the trial, but his mother testified concerning his disabilities (ADHD and bipolar) and his need for special classes (IEP). T. at 256-258. She explained appellant took "Trazodone" for aid in sleeping and was not to take alcohol with the medicine. *Id.* Appellant has reported being unable to remember things while taking the medication. T. at 259. Appellant told the police he had taken his medicine, had been drinking, and could not remember doing anything to Mary S. T. at 68-69, 77-79, 128-130, 155-156.

{¶22} Although the confidential evaluation concluded appellant was competent under the factors listed in R.C. 2152.56(B), the evaluation noted appellant had been receiving some kind of mental health treatment for approximately eight years, and "does present with Borderline Intellectual Functioning."

{¶23} Unlike the defendant in *Bock*, appellant herein did not testify. The record establishes that appellant had learning and understanding problems. Further, the defendant in *Bock* was an adult subject to the adult competency statutes which required a hearing and an order of competency, but no findings. R.C. 2945.37(B)-(G), R.C. 2152.58(D)(1).

{¶24} Based upon the facts of this case, we find an indicia of incompetency to warrant the hearing and a written determination as to competency as mandated under R.C. 2152.58.

{¶25} We note there is no evidence that defense counsel objected to proceeding with the trial despite no written determination as to competency. Accordingly, we will consider the trial court's error under a plain error standard. Crim.R. 52(B). Was the error so plain that it created an "obvious defect in the trial proceedings" and the error "affected the outcome of the trial"? See, *State v. Barnes,* 94 Ohio St.3d 21, 27, 2002-Ohio-68. We answer these questions in the affirmative.

{¶26} From a review of the record, we are unable to determine if defense counsel even read the report. If so, was the report stipulated to? If not, would defense counsel have asked for a second evaluation under R.C. 2152.57(E)(1)? Would defense strategy been different affecting the outcome of the trial? We do not know. As Justice Wright stated in his dissenting opinion in *Bock* at 113 after outlining the majority's reasoning:

> The most charitable thing I can say about such a line of reasoning is that it begs the question, is circular in character and is fatally flawed. Common sense dictates that no defendant can make a record of lack of competency absent the findings and hearing contemplated by R.C. 2945.37 and 2945.371 [R.C. 2152.58 herein]. The trial court's failure to comply with these statutory mandates made the development of such a record unlikely at best.

{¶27} Upon review, we find the trial court erred in failing to hold a hearing and issue a written determination as to competency under R.C. 2152.58

{¶28}  Assignment of Error I is granted.  Based upon this decision, the remaining assignments of error are moot.

{¶29}  The judgment of the Court of Common Pleas of Knox County, Ohio, Juvenile Division is hereby reversed.  The matter is remanded to the trial court to conduct a competency hearing and issue a written determination as to competency.

By Farmer, J.

Hoffman, P.J. and

Baldwin, J. concur.

SGF/sg 327