[Cite as *State v. Alvarado*, 2014-Ohio-5374.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ROSS COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | Case No. 14CA3423 |
| | : | |
| Plaintiff-Appellee, | : | |
| | : | DECISION AND |
| v. | : | JUDGMENT ENTRY |
| | : | |
| WALTER G. ALVARADO, | : | |
| | : | **RELEASED: 12/02/2014** |
| Defendant-Appellant. | : | |

_____

APPEARANCES:

Timothy Young, State Public Defender, and Peter Galyardt, Assistant State Public Defender, Columbus, Ohio, for appellant.

Matthew S. Schmidt, Ross County Prosecuting Attorney,  and Cynthia G. Schumaker, Ross County Assistant Prosecuting Attorney, Chillicothe, Ohio, for appellee.

_____

Harsha, J.

{¶1}    Walter Alvarado, who appeals his convictions for felonious assault and possession of a deadly weapon while under detention, contends that the trial court abused its discretion by denying his request for a third competency evaluation. Specifically, he argues that the trial court failed to consider the relevant factors identified by the United States Supreme Court in *Drope v. Missouri*, 420 U.S. 162, 95 S.Ct. 896, 43 L.Ed.2d 103 (1975).  However, the record suggests that the court considered all the evidence presented by defense counsel.  The court recounted in its entry that the previous reports found Alvarado competent and also considered defense counsel's opinion that Alvarado was exhibiting signs of extreme paranoia and delusional thinking, but determined that his untrained evaluation alone was insufficient to require a third

evaluation. Nothing in the court's logic is unreasonable, arbitrary or unconscionable, so we reject Alvarado's argument.

## I. FACTS

{¶2} The Ross County Grand Jury returned an indictment charging Alvarado with one count of felonious assault and one count of possession of a deadly weapon. After entering a plea of not guilty defense counsel filed a motion suggesting that Alvarado was not competent and requested a competency evaluation. The trial court granted him leave to file a plea of not guilty by reason of insanity and also ordered a competency evaluation pursuant to R.C. 2945.37 and 2945.39. After the first evaluation defense counsel requested a second evaluation. Both reports determined that Alvarado was competent a finding that the parties stipulated to. The trial court held a hearing pursuant to R.C. 2945.37 and based on the reports and the stipulation the court found Alvarado competent to stand trial.

{¶3} Prior to trial defense counsel filed a "renewed suggestion of incompetence" and requested a third competency evaluation for Alvarado under R.C 2945.371. In the attached memorandum in support defense counsel stated that although he had previously stipulated to Alvarado's competence, he subsequently met with Alvarado and in his opinion Alvarado was "exhibiting signs of extreme paranoia and delusional thinking * * *." Citing *State v. Johnson*, 9th Dist. Summit No. 25620, 2011-Ohio-6417, the trial court found defense counsel had provided no evidence other than his "untrained evaluation," and denied Alvarado's request for a third competency evaluation. Thereafter, Alvarado pleaded no contest to both charges, the trial court found him guilty, and sentenced him accordingly. This appeal followed.

## II. ASSIGNMENT OF ERROR

**{¶4}**   Alvarado raises one assignment of error for our review:

The trial court violated Walter Alvarado's right to due process and failed to exercise any discretion when it denied his request for a third competency evaluation.

## III. LAW AND ANALYSIS

**{¶5}**   In his sole assignment of error Alvarado argues that the trial court erred by denying his request for a third competency evaluation.  Specifically, he claims that the court failed to consider the relevant factors identified by the United States Supreme Court in *Drope* including: 1.) doubts from counsel about the defendant's competency; 2.) evidence of irrational behavior; 3.) the defendant's demeanor in court; and 4.) prior medical opinions relating to competency.

**{¶6}**   In a criminal action the defense may raise the issue of a defendant's competence to stand trial, and if the issue is raised prior to trial, the court must hold a hearing on the issue.  R.C. 2945.37(B).  However, this provision does not require the court to order an evaluation prior to the hearing.  *State v. Perotti*, 4th Dist. Scioto No. 89CA1845, 1991 WL 87303, *7 (May 15, 1991).  Rather, R.C. 2945.371(A) states that if the defendant raises the issue of competency, the trial court "may order one or more evaluations of the defendant's present mental condition * * *."  Accordingly, a competency evaluation is not required every time the issue of competency is raised by the defendant.  *State v. Stahl*, 2nd Dist. Greene No. 2004-CA-69, 2005-Ohio-2239, ¶ 19.  Rather, "[t]he number of evaluations to be ordered 'is left to the sound discretion of the trial court.'"  *In re J.B.*, 12th Dist. Butler No. CA2004-09-226, 2005-Ohio-7029, ¶ 35, quoting *State v. Duncan*, 9th Dist. Medina No. 3117–M, 2001 WL 1044206, *6 (Sept.

12, 2001).  *See also State v. Hix*, 38 Ohio St.3d 129, 131, 527 N.E.2d 784 (1988) (finding the word "may" in the statutory language of former R.C. 2945.39(A) unambiguously granted a trial court discretion to decide if more than one psychiatric examination is necessary).

{¶7}    Thus, we will not reverse a trial court's decision regarding the number of competency evaluations ordered absent an abuse of discretion.  *See Perotti* at *7.  An abuse of discretion means more than an error of judgment; it implies that the court's decision was "unreasonable, arbitrary or unconscionable." *Stammco, L.L.C. v. United Tel. Co. of Ohio*, 125 Ohio St.3d 91, 2010-Ohio-1042, 926 N.E.2d 292, ¶ 32.

{¶8}    To support his argument that the trial court was required to consider the factors identified in *Drope* before ruling on his motion for a third competency evaluation, Alvarado cites *State v. Rubenstein*, 40 Ohio App.3d 57, 531 N.E.2d 732 (8th Dist.1987). The defendant in *Rubenstein* was challenging the trial court's decision regarding a competency hearing, rather than its failure to order a competency evaluation.  The court held that "[a] trial court, in making a determination of whether to hold a sua sponte hearing concerning the accused's competence to stand trial, should consider the following: (1) doubts expressed by counsel as to the defendant's competence; (2) evidence of irrational behavior; (3) the defendant's demeanor at trial; and (4) prior medical opinion relating to competence to stand trial." *Rubenstein* at paragraph two of the syllabus.  As we have already noted, the decision to order a competency evaluation and hold a competency hearing are distinct and controlled by separate statutes. Nevertheless, appellate courts have applied the factors identified in *Rubenstein* and *Drope* to review a trial court's decision whether to order a competency evaluation.  *See*

*State v. Ridley*, 6th Dist. Lucas No. L-10-1314, 2013-Ohio-1268, ¶ 20; *In re Moyer*, 5th Dist. Licking No. 2005CA00058, 2006-Ohio-85, ¶ 18-22; *but see State v. Hart*, 12th Dist. Brown No. CA2011-03-008, 2012-Ohio-1896, ¶ 26 (finding appellate courts are not limited to "very specific criteria," including evidence of irrational behavior, defiant demeanor at trial, or counsel's doubts about defendant's competency, when reviewing the basis for a competency evaluation).

**{¶9}** However, there is nothing in the record to suggest that the court failed to consider all the evidence provided by defense counsel before ruling on his motion for a third competency evaluation. At a hearing on August 6, 2013, defense counsel informed the court that Alvarado appeared to be in a different mental state than when he was first evaluated. Specifically, he stated "it appears that something, in [Alvarado's] own words, something is not right in his mind" and Alvarado "feels that forces are conspiring against him to do him harm." The state agreed that Alvarado's mental condition had "decreased," and did not oppose the motion. The trial court responded that it understood "competency is a fluid condition," but there had been "a very, very recent evaluation," and both parties had stipulated to the previous reports which found Alvarado competent to stand trial. The court decided to defer its decision for two weeks and invited both counsel to "cite authority which supports the proposition that this Court can order a third or a fourth or a fifth evaluation based upon additional suggestions of incompetency."

**{¶10}** Nearly a month later Alvarado filed a "renewed suggestion of incompetence," again asking for a third a competency evaluation. The only reason given by defense counsel in support of his request was that in his opinion Alvarado was

"exhibiting signs of extreme paranoia and delusional thinking."  He also attached *State v. Solomon*, 59 Ohio St.3d 124, 570 N.E.2d 1118 (1991), "as an example of a trial court ordering more than two evaluations for a single defendant."

**{¶11}**  In its journal entry overruling Alvarado's request for a third competency evaluation the court found *Solomon* inapposite to the facts of the case.  Rather, it noted that Alvarado "has previously been evaluated by two psychologists to determine his competency," and both doctors filed reports "in which they opined that the defendant was presently able to understand the nature and objectives of the legal proceedings against him and presently able to assist his attorney in his defense despite the fact that he does not speak English well."  The court also noted that neither psychologist observed any evidence that Alvarado was exhibiting signs of extreme paranoia and delusional thinking.   In sum, the court found that defense counsel had given "no evidence other than [his] untrained evaluation of the defendant," and this alone was insufficient to order an additional evaluation.

**{¶12}**  We see nothing in the court's decision that is unreasonable, arbitrary or unconscionable.  Even if we accept defense counsel's untrained opinion that Alvarado was exhibiting signs of paranoia and delusional thinking, the Supreme Court of Ohio has consistently held " '[i]ncompetency must not be equated with mere mental or emotional instability or even with outright insanity' " and " '[a] defendant may be emotionally disturbed or even psychotic and still capable of understanding the charges against him and of assisting his counsel.' "  *State v. Neyland*, 139 Ohio St.3d 353, 2014-Ohio-1914, 12 N.E.3d 1112, ¶ 48, quoting *State v. Bock*, 28 Ohio St.3d 108, 110, 502 N.E.2d 1016 (1986).  Moreover, in *State v. Johnson*, 112 Ohio St.3d 210, 2006-Ohio-

6404, 858 N.E.2d 1144, the Supreme Court of Ohio held that a trial court did not abuse its discretion by denying a defendant's request for a competency evaluation when the only evidence presented by counsel was his unsupported assertion of the defendant's expected diagnosis of "paranoid personality disorder [and] reality contact problems." *Johnson* at ¶ 163-164.

{¶13} Alvarado also points out that in the first evaluation, Dr. Daniel Davis opined that given his history of depression, Alvarado's competency condition could deteriorate and argues these statements are proof that "his competency could change over time." Nevertheless, at the hearing the court acknowledged "competency is a fluid condition," and therefore implicitly recognized Alvarado's argument.

{¶14} Alvarado further claims that under *Drope*, 420 U.S. 162, 95 S.Ct. 896, 43 L.Ed.2d 103, three of the four specified factors supported a third competency evaluation—doubts expressed by counsel about Alvarado's competence, evidence of irrational behavior, and his demeanor during the plea and sentencing hearing. Although all of these factors are relevant to the trial court's determination, the presence of one of these factors may be sufficient to support the decision. *Id.* at 180; *In re Andrew W.*, 5th Dist. Knox No. 12-CA-24, 2014-Ohio-1576, ¶ 15. Therefore, the fact that three factors might support one conclusion may be insufficient to overturn a trial court's decision in light of the remaining factor.

{¶15} Moreover, there is no indication that Alvarado engaged in irrational behavior at the plea and sentencing hearing. Although he advised the court that he was not "well in my mind," that it was "very hard to concentrate in the words that you are saying to me," and that he had "mental problems," there was no outburst or other

evidence supporting his counsel's statements of him experiencing hallucinations, paranoia, or delusional thinking. And the record does not indicate that there was anything in Alvarado's demeanor indicating that his mental status had decreased to the point where a third competency evaluation in less than a year was required. Alvarado ultimately advised the court during its detailed plea colloquy that he understood his plea and was doing it voluntarily and intelligently. When applying the abuse-of-discretion standard, an appellate court is not free to substitute its judgment for that of the trial court. *See State v. Herring*, 94 Ohio St.3d 246, 255, 762 N.E.2d 940 (2001). Consequently, although we may have reached a different conclusion on the same facts, we may not substitute our judgment for that reached by the trial court on this matter.

{¶16} The trial court did not act in an unreasonable, arbitrary, or unconscionable manner in denying Alvarado's request for a third competency evaluation. The two previous competency evaluations established that although Alvarado experienced depression, he was competent to stand trial, he did not exhibit either irrational behavior or unusual demeanor at the plea and sentencing hearing, and his trial counsel conceded at that hearing that he could not find any case authority that required the trial court to order a third evaluation. The trial court also conducted a detailed plea colloquy in which it determined that Alvarado voluntarily, knowingly, and intelligently entered a plea of no contest, and Alvarado received the minimum prison sentence for the crimes. We overrule Alvarado's assignment of error.

## IV. CONCLUSION

{¶17} We cannot say the trial court abused its discretion by denying Alvarado's request for a third competency evaluation. Nor can we conclude—as Alvarado claims

on appeal—that the court failed to exercise its discretion.  To the contrary, the record shows that the court considered the evidence presented by defense counsel and gave him time to provide additional authority in support for his position.  Based on the competency evaluations, the trial court's detailed plea colloquy, and the absence of any evidence to support his trial counsel's untrained evaluation of his competence, the trial court's denial of Alvarado's request was neither unreasonable, arbitrary, nor unconscionable.  We overrule his assignment of error and affirm the trial court's judgment.

JUDGMENT AFFIRMED.

## JUDGMENT ENTRY

It is ordered that the JUDGMENT IS AFFIRMED and that Appellant shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Ross County Court of Common Pleas to carry this judgment into execution.

<u>IF</u> A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted.  The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio.  Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Abele, P.J. & Hoover, J.:  Concur in Judgment and Opinion.

For the Court

BY: _____
William H. Harsha, Judge

### NOTICE TO COUNSEL

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**