WAITE, J.
{¶ 1} On June 15, 2016, Appellant Dorina Shine was convicted of one count of felonious assault in violation of R.C. 2903.11(A)(1), (D), a felony of the second degree and three counts of felonious assault, in violation of R.C. 2903.11(A)(2), (D), felonies of the second degree. On July 22, 2016, Appellant was sentenced to a four-year prison term. The convictions stem from an incident that occurred at the T.G.I. Friday's restaurant in Boardman Township, Ohio on March 23, 2011.
{¶ 2} Appellant timely raises three assignments of error on appeal. First, she alleges the trial court abused its discretion in admitting a report regarding Appellant's competency to stand trial without a witness being available to testify. Second, Appellant contends the trial court abused its discretion in finding Appellant competent to stand trial after the February 10, 2014 competency hearing because the judge considered the testimony of only one of two expert witnesses. Lastly, Appellant contends the trial court erred in failing to hold another competency hearing when the issue of competency was raised on the day of trial. Based on the following, Appellant's assignments of error are without merit and the judgment of the trial court is affirmed.
Factual and Procedural History
{¶ 3} On March 23, 2011, after smoking marijuana and drinking alcohol, Appellant entered the T.G.I. Friday's restaurant in Boardman Township, Ohio. Appellant approached the bar and asked for food.
*726 When she was told she would have to sit and place an order, Appellant became enraged and began shouting and berating a bartender and other employees. Appellant also began picking up bottles from the bar and throwing them at individuals. A customer approached and attempted, along with restaurant employees, to restrain Appellant. Appellant subsequently fractured the customer's skull with a bottle.
{¶ 4} On March 31, 2011, Appellant was indicted on one count of felonious assault in violation of R.C. 2903.11(A)(1), (D), a felony of the second degree and three counts of felonious assault in violation of R.C. 2903.11(A)(2), (D), felonies of the second degree. Appellant entered pleas of not guilty and not guilty by reason of insanity.
{¶ 5} Appellant filed a suggestion of incompetence to stand trial on June 17, 2013. The trial court ordered an evaluation and stayed all proceedings pending the result. Dr. Thomas Gazley ("Gazley") performed the first evaluation of Appellant and issued a report opining that Appellant was incompetent to stand trial. The state requested a second evaluation, which was granted by the trial court. The second evaluation was conducted by Dr. Brian Welsh ("Welsh"). In a report issued by Welsh, he concluded that Appellant was competent to stand trial. A competency hearing was held on February 10, 2014. Testimony was provided by both Gazley and Welsh. Appellant's trial counsel also made a proffer to the court on the issue of Appellant's competency. The trial court subsequently issued a judgment entry determining that Appellant was competent to stand trial. Appellant filed an appeal to this Court. State v. Shine , 7th Dist. No. 14 MA 36 (June 13, 2014). In addition to being untimely, this Court dismissed the appeal, as an order finding a defendant competent to stand trial is not a final order pursuant to R.C. 2505.02. Id.
{¶ 6} Appellant subsequently filed a motion for findings of fact and conclusions of law in the trial court regarding the trial court's competency finding. On December 2, 2014, the trial court filed a judgment entry incorporating the findings of fact and conclusions of law. Included in this entry was a finding that testimony established that the claimed altered mental state on the date of the charged offense was self-induced by Appellant, because she voluntarily smoked marijuana and drank alcohol immediately prior to engaging in the conduct alleged in the indictment. Appellant did not appeal that entry.
{¶ 7} The parties appeared for a pretrial conference on April 20, 2015. The state indicated that Crim.R. 11 negotiations had been taking place and that a final Crim.R. 11 plea offer had been made to Appellant. At the hearing, trial counsel requested a moment to confer with Appellant. On returning to the record, trial counsel explained that he had an opportunity to share the state's proposal with Appellant but that she rejected it. Appellant verbally confirmed her rejection of the Crim.R. 11 offer with the trial court. Trial counsel again addressed the issue of Appellant's competency and requested another competency hearing. Counsel noted that Appellant refused to confer with him about her trial testimony. He stated that he was unsure whether her unwillingness stemmed from her lack of desire or her inability to cooperate. The state objected to the request based on the two prior competency evaluations of Appellant. Recognizing that the request was being made before trial, the trial court ordered another competency evaluation of Appellant with a psychologist chosen by both parties.
{¶ 8} A third evaluation of Appellant was performed on July 9, 2015, by Summit Psychological Associates ("Summit"). The *727 evaluation was conducted by Aviva Moster and signed off on by James A. Orlando, Ph.D. ("Orlando"). The report from Summit concluded that Appellant was competent to stand trial.
{¶ 9} On October 5, 2015, Appellant's trial counsel filed a motion for an appropriation of funds regarding the Summit evaluation. Trial counsel sought funds to have the psychologist who had performed the third evaluation appear in court to testify. Orlando had informed trial counsel that he would not appear to testify unless compensated, and Appellant's indigency had been established.
{¶ 10} A second competency hearing was held on October 14, 2015. The trial court had not yet ruled on counsel's motion for the appropriation of funds. At the hearing, counsel reiterated his motion for appropriation of funds in order to have Orlando appear to testify about his evaluation of Appellant's competency. Counsel also discussed the portions of the Summit competency evaluation that appeared to warrant examination under oath although the report ultimately concluded Appellant was competent to stand trial. The trial court noted that Appellant had been evaluated multiple times and that two other experts had previously testified as to her competency. The court also addressed the Summit report, highlighting that it concluded that Appellant was able to understand the legal process and her rights in the process, and was capable of communicating effectively with her attorney. Moreover, the court noted that the Summit report concluded with reasonable scientific certainty that Appellant was competent to stand trial. The trial court stated that it was "satisfied---takes judicial notice, has requested and received, to my satisfaction, a certified report directly to the court." (10/14/15 Tr., p. 12.) The judge stated that he read the report and that it was consistent with previous reports indicating that Appellant was competent to stand trial. The trial court concluded that to grant the request for appropriation of funds would be an unnecessary burden and "of no value." (10/14/15 Tr., p. 12.) At the hearing, the court found that Appellant was competent and ordered a trial date be set in the matter. The court memorialized those findings in a judgment entry dated October 23, 2015. Appellant filed a second appeal with this Court. State v. Shine, 7th Dist. No. 15 MA 0210, 2016-Ohio-1445, 2016 WL 1301304.
{¶ 11} Appellant argued on appeal that a judgment entry finding a criminal defendant competent to stand trial is a final, appealable order under the Supreme Court's decision in State v. Anderson, 138 Ohio St.3d 264, 2014-Ohio-542, 6 N.E.3d 23. In Anderson, the Ohio Supreme Court held that an order which denied a motion to dismiss on double jeopardy grounds is a final, appealable order. It concluded a criminal defendant would not be afforded a meaningful review of an adverse decision because the double jeopardy clause not only serves as a protection against being punished twice for the same offense but also protects against being tried twice for the same offense. We found Appellant's Anderson argument unpersuasive and ruled that an order finding a criminal defendant competent to stand trial did not implicate double jeopardy considerations. Appellant also argued that a conviction of a defendant not legally competent to stand trial has due process implications. Appellant relied on cases where the criminal defendant was never afforded an opportunity to raise the issue of competency before trial. These cases in no way held that a criminal defendant has a right to immediately appeal a trial court's competency finding. We concluded that R.C. 2945.37 and R.C. 2945.371 set forth a comprehensive procedure for a trial court to follow if a criminal defendant's competency is at *728 issue and that Appellant's due process rights were adequately protected. We noted that Appellant was afforded multiple competency evaluations and hearings, and that the trial court had issued findings of fact and conclusions of law in the matter. We dismissed this second appeal, again concluding that a competency determination by the trial court is not a final, appealable order because a criminal defendant is "afforded a meaningful and effective remedy by way of appeal" after the entire matter is resolved in the trial court. State v. Shine, 7th Dist. No. 15 MA 0210, 2016-Ohio-1445, 2016 WL 1301304, ¶ 9.
{¶ 12} The case proceeded to a jury trial on June 13, 2016. The state produced a number of witnesses who each gave similar accounts of Appellant's behavior after entering the restaurant: that she become enraged and attacked a number of people with liquor bottles. Appellant testified in her own defense, but stated that she had no clear recollection of the night's events. The jury found Appellant guilty on all charges and the court sentenced Appellant to a four-year prison term on the four counts of felonious assault. Appellant filed this timely appeal raising three assignments of error. We will address the assignments in nonsequential order for the purposes of clarity.
ASSIGNMENT OF ERROR NO. 2
THE TRIAL COURT ABUSED ITS DISCRETION, AND IN SO DOING DENIED APPELLANT DUE PROCESS OF LAW PURSUANT TO BOTH THE OHIO AND UNITED STATES CONSTITUTIONS, IN FINDING APPELLANT COMPETENT TO STAND TRIAL FOLLOWING THE FEBRUARY 10, 2014 WHEREAT THE TRIAL COURT ONLY CONSIDERED ONE OF THE TWO EXPERT WITNESSES' TESTIMONY.
Competency to Stand Trial
{¶ 13} As the Ohio Supreme Court has held, "[f]undamental principles of due process require that a criminal defendant who is legally incompetent shall not be subjected to trial." State v. Berry, 72 Ohio St.3d 354, 359, 650 N.E.2d 433 (1995). In Dusky v. United States, 362 U.S. 402, 80 S.Ct. 788, 4 L.Ed.2d 824 (1960), the United States Supreme Court employed the test to determine if a criminal defendant is, in fact, competent to stand trial:
[T]he test must be whether he has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding-and whether he has a rational as well as factual understanding of the proceedings against him.
Id.
{¶ 14} The right to a hearing on the issue of competency rises to the level of a constitutional guarantee: when the record contains, "sufficient indicia of incompetence," an inquiry into the defendant's competency is necessary to ensure his right to a fair trial. Berry , supra, at 359, 650 N.E.2d 433, quoting Drope v. Missouri , 420 U.S. 162, 95 S.Ct. 896, 43 L.Ed.2d 103 (1975).
{¶ 15} Ohio recognizes the right of a criminal defendant not to be tried or convicted of a crime while incompetent as codified in R.C. 2945.37(B) :
In a criminal action in a court of common pleas, a county court, or a municipal court, the court, prosecutor, or defense may raise the issue of the defendant's competence to stand trial. If the issue is raised before the trial has commenced, the court shall hold a hearing on the issue as provided in this section. If the issue is raised after the trial has commenced, the court shall hold a hearing on the issue only *729 for good cause shown or on the court's own motion.
{¶ 16} R.C. 2945.37(G) also reads:
A defendant is presumed to be competent to stand trial. If, after a hearing, the court finds by a preponderance of the evidence that, because of the defendant's present mental condition, the defendant is incapable of understanding the nature and objective of the proceedings against the defendant or of assisting in the defendant's defense, the court shall find the defendant incompetent to stand trial and shall enter an order authorized by section 2945.38 of the Revised Code.
{¶ 17} A defendant who lacks the capacity to understand the nature and object of the proceedings against her, to consult with counsel, and to assist in preparing her defense may not be subjected to a trial. State v. Smith , 89 Ohio St.3d 323, 329, 2000-Ohio-166, 731 N.E.2d 645. As noted in the statute, there is a presumption of competency to stand trial. If, after a hearing, the trial court finds by a preponderance of the evidence that, due to the defendant's present mental condition, she is incapable of understanding the nature and objective of the proceedings or of assisting in her own defense, the court must find that she is incompetent to stand trial. R.C. 2945.37(G).
{¶ 18} Under due process principles, the standard for a determination of competency to stand trial is the same as the standard for determining competency to enter a guilty plea or a plea of no contest. State v. Bolin, 128 Ohio App.3d 58, 61-62, 713 N.E.2d 1092 (8th Dist.1998).
{¶ 19} In reviewing a trial court's determination of competency, we must examine whether the conclusion was supported by competent, credible evidence. State v. Hicks , 43 Ohio St.3d 72, 79, 538 N.E.2d 1030 (1989). Determining the adequacy of the data on which the experts relied and determinations of credibility where there is a divergence of opinions between experts are matters to be undertaken by the trial judge. The weight given the evidence and the credibility of the witnesses are primarily for the trial court. State v. DeHass , 10 Ohio St.2d 230, 227 N.E.2d 212 (1967), syllabus. The judge's decision on competency will not be disturbed absent an abuse of discretion. State v. Vrabel , 99 Ohio St.3d 184, 2003-Ohio-3193, 790 N.E.2d 303, ¶ 33.
{¶ 20} In her second assignment of error, Appellant alleges the trial court erred in considering the testimony of only one of the two experts who testified to their findings at the first competency hearing held on February 10, 2014. Appellant acknowledges that her competency was most thoroughly considered at this hearing. Testimony was provided by two experts, Gazley and Welsh, both of whom had evaluated Appellant to determine her competency to stand trial. Gazley opined that Appellant was not competent to stand trial, while Welsh determined that Appellant was competent. Gazley concluded that Appellant suffered from mood disorder and could not adequately consider plea offers from the state. Welsh opined that Appellant had adjustment disorder and mixed anxiety and depressed mood, but did not show evidence that her condition would impede competency or her ability to work with counsel on her own defense. The trial court adopted the opinion of Welsh and included that determination in the trial court judgment entry. Appellant acknowledges in her brief that determinations on the credibility of witnesses and the ability to weigh evidence are within the discretion of the trial court, but proceeds to discuss the weight of the evidence and contends that the trial court erred in solely *730 relying on Welsh's testimony in making its determination.
{¶ 21} Citing State v. Merryman, 4th Dist. No. 12CA26, 2013-Ohio-4810, 2013 WL 5914864, as an analogous case, Appellant argues the trial court in Merryman fully considered the opinions of both experts before making a determination on competency to stand trial whereas, in the instant matter, the trial court only referred to Welsh's testimony. Hence, Appellant assumes only Welsh's testimony was considered by the court.
{¶ 22} At the February 10, 2014 hearing, both experts testified extensively as to their evaluations. Gazley testified that he evaluated Appellant on July 11, 2013 and that Appellant was fully aware of the court process due to her education. Appellant has a master's degree in criminal justice and was currently working on her doctorate. Gazley acknowledged there was very little Appellant did not understand about the process. He testified that she would get extremely irritated at his questioning and refuse to cooperate. At an earlier interview for a determination on sanity Appellant seemed forthcoming and cooperative, however during this evaluation she had "an air of distrust about her." (2/10/14 Tr., p. 9.) Gazley also testified that Appellant spent the second half of the interview discussing "abstract concepts, justice and injustice and fairness and unfairness" which he felt may present an issue when assisting with her own defense. (2/10/14 Tr., pp. 11-12.) He also noted that Appellant's insistence on having a jury trial was due to the fact that she could not seem to decide for herself whether she committed the offense and stated that she needed the jury to answer that question for her. (2/10/14 Tr., pp. 13-14.) Appellant has contended she blacked out and had no recollection of any event that occurred after she entered the restaurant, and admitted she consumed both marijuana and alcohol prior to the incident. Finally, Gazley testified that he had diagnosed Appellant with a general mood disorder. Appellant oftentimes was coherent and provided relevant information, but other times he "seriously questioned her rational thought process because she had difficulty considering the specifics of a question asked, even though the question might be very, very simplistic." (2/10/14 Tr., pp. 35-36.) Gazley testified on both direct and cross-examination and was then examined by the trial court. The trial court asked in what way Gazley felt Appellant would be unable to assist in her own defense and whether her refusal to cooperate was more a product of her stubbornness or that she was actually unable to cooperate. The trial court also inquired about Gazley's conclusion that if given medication and treatment for one year, Appellant could dramatically improve in terms of her ability to make rational decisions about her defense.
{¶ 23} Welsh also provided testimony regarding his evaluation of Appellant's competency. He testified that he evaluated Appellant on October 21, 2013, approximately three months after Gazley's evaluation. Appellant stated that she was attempting to get her doctorate in criminal justice and ran her own nonprofit organization. She also took care of her two grandchildren and her 15 year old daughter. Welsh testified that Appellant seemed cooperative and friendly during her evaluation. She was forthcoming and provided a great deal of extra detail to the questions asked. Welsh testified that he saw no evidence of psychosis, mania or depression. Appellant was aware of the legal process and the advantages and disadvantages of accepting the state's plea agreement. (2/10/14 Tr., p. 62.) He noted that Appellant could not remember "all the aspects of her version of the events due to what she reported as being either a blackout or *731 amnesia." (2/10/14 Tr., p. 63.) While Welsh diagnosed her with adjustment disorder with mixed anxiety and depressed mood, Welsh opined that Appellant did not suffer from any severe mental illness or defect and that she understood the nature and the objectives of the proceedings against her and was able to cooperate with her attorney in her defense. (2/10/14 Tr., pp. 66-67.)
{¶ 24} At the conclusion of the experts' testimony, trial counsel proffered his own testimony regarding Appellant's competency. He addressed his difficulty in having discussions with Appellant about the strategy of going to trial as she would go off into "abstractions" and it was difficult to get her to return to the discussion at hand. (2/10/14 Tr., p. 86). He also noted that Appellant felt she had already spent time in jail and thus, had already been punished for the crime. There was extensive discussion back and forth between trial counsel and the court regarding whether Appellant was unable or simply unwilling to cooperate with counsel in her own defense.
{¶ 25} It should be noted that at the time of the hearing, Gazley had not seen Appellant for approximately eight months and Welsh had seen her five months earlier. Competency to stand trial is a present condition, and the time duration between evaluation and the hearing testimony may be a factor to be considered. Dusky , supra. The record reveals the trial court heard extensive testimony from both experts on their findings and conclusions regarding Appellant's competency as well as testimony from trial counsel. The trial court engaged in a lengthy dialogue with counsel regarding concerns about Appellant's mental state and competency to stand trial. Although the trial court may have referred only to Welsh's testimony in the judgment entry, a review of the record before us reflects the trial court extensively questioned both experts and reviewed both evaluations. The decision was supported by competent, credible evidence. The trial court did not abuse its discretion in deciding Appellant was competent to stand trial following the February 10, 2014 competency hearing. Appellant's second assignment of error is without merit and is overruled.
ASSIGNMENT OF ERROR NO. 1
APPELLANT WAS DENIED DUE PROCESS OF LAW PURSUANT TO BOTH THE OHIO AND UNITED STATES CONSTITUTIONS WHEN SHE WAS DENIED THE ABILITY TO PRESENT EVIDENCE AGAINST COMPETENCY AND/OR WHEN THE TRIAL COURT ALLOWED AN EXPERT REPORT WITHOUT A TESTIFYING WITNESS.
{¶ 26} In her first assignment of error Appellant contends the trial court erred in admitting the Orlando evaluation report without having Orlando present to testify and in considering the report as evidence of Appellant's competency to stand trial. Trial counsel had requested another evaluation of Appellant's competency which was granted by the trial court. This third evaluation occurred on July 9, 2015, approximately two years after Gazley's evaluation and approximately 21 months after Welsh's evaluation. Orlando concluded that Appellant was competent to stand trial. Approximately one week prior to the second competency hearing, trial counsel filed a motion seeking appropriation of funds to secure Orlando's appearance at the hearing. The trial court did not rule on that motion before hearing. At the hearing, counsel argued appropriation of funds were necessary so that Orlando could personally testify regarding the substance of the report. The court denied the request for funds at the hearing, admitted the report, and noted that it considered the *732 report as well as the previous competency evaluations in making a determination that Appellant was competent to stand trial. The trial court issued a judgment entry on October 23, 2015, memorializing that finding. The matter proceeded to a jury trial and Appellant was found guilty on all charges and sentenced to a four-year prison term.
{¶ 27} Citing Ake v. Oklahoma, 470 U.S. 68, 77, 105 S.Ct. 1087, 84 L.Ed.2d 53 (1985), Appellant contends that indigent defendants must be afforded the resources necessary to meet the burden of determining competency to stand trial. As noted in R.C. 2945.37(E) :
A written report of the evaluation of the defendant may be admitted into evidence at the hearing by stipulation, but, if either the prosecution or defense objects to its admission, the report may be admitted under sections 2317.36 to 2317.38 of the Revised Code or any other applicable statute or rule.
{¶ 28} R.C. 2317.36 governs admissible reports and states:
A written report or finding of facts prepared by an expert who is not a party to the cause, nor an employee of a party, except for the purpose of making such report or finding, nor financially interested in the result of the controversy, and containing the conclusions resulting wholly or partly from written information furnished by the co-operation of several persons acting for a common purpose, shall, in so far as the same is relevant, be admissible when testified to by the person, or one of the persons, making such report or finding without calling as witnesses the persons furnishing the information, and without producing the books or other writings on which the report for finding is based, if, in the opinion of the court, no substantial injustice will be done the opposite party.
{¶ 29} R.C. 2317.37 addresses cross-examination of a witness by an opposing party relative to a written report:
Any person who has furnished information on which a report or finding mentioned in section 2317.36 of the Revised Code is based may be cross-examined by the adverse party, but the fact that his testimony is not obtainable shall not render the report or finding inadmissible, unless the trial court finds that substantial injustice would be done to the adverse party by its admission.
{¶ 30} R.C. 2317.38 relates to notice to an opposing party regarding an intention to submit a report, which is not at issue in this case. Appellant equates the alleged need for Orlando's personal testimony to obtaining the "raw materials" necessary to meet the defense burden. See Ake , supra. However, as noted in the statutes cited above, the admission of a report not prepared by a party or a party with a pecuniary interest in the matter is permissible by stipulation, or if the trial court determines that no "substantial injustice" would be done to the adverse party. Two previous evaluations had already been conducted in this matter and they contained diverging opinions. This third evaluation, the third conducted within a two-year time period, resulted in a finding of competency. This comported with the trial court's previous competency ruling following a full hearing on the matter, including testimony from two experts and trial counsel. Trial counsel raised the same arguments regarding competency at the October 14, 2015 second competency hearing he raised at the first hearing. The trial court acknowledged counsel's concerns and noted that it had heard the same arguments from trial counsel prior to the previous finding of competency. The trial court also acknowledged the amount of time and resources *733 already utilized on Appellant's competency issue, stating:
This court has made every attempt to be sure that this defendant is, under the law, capable of proceeding. We have had a number of lengthy hearings wherein the experts were called in and they were - - you had the opportunity, as well as the prosecution, to examine them and talk about their findings and their prognosis and their diagnosis and so forth. And then at the last date the case was set for trial, you, as an officer of the court, brought to my attention that there was just something wrong here, something just wasn't quite right, and that we decided that we would have your client examined by a third party, an independent person, who had not had any dealing with your client in the past. And I suggested, as you rightfully placed on the record, if you have some concerns, let's get these to the people, to the folks, and in particular the doctor, who is going to be giving us his or her opinion.
* * *
I have read, reviewed and considered the report. I believe it's consistent with all the other reports and testimony that has been presented to this court regarding Ms. Shine's condition and her ability to stand trial and I, therefore, think it's a burden, unnecessary and of no value to grant you the request to have that physician, that doctor, appear and I am overruling that. I'm also finding that she is capable to stand trial, even after hearing the merits of your argument and that, therefore, we are going to find her competent to stand trial and set a trial date.
(10/14/15 Tr., pp. 9-12.)
{¶ 31} While the trial court, in granting this third evaluation of Appellant's competency, certainly could have allocated the funds to allow Orlando to attend the hearing to testify regarding the report, the court did not err in the decision not to order these funds be made available. Had this been Appellant's only competency evaluation, the trial court's denial of the appropriation of funds may have presented a different issue. Where, as here, Appellant's competency was thoroughly vetted and analyzed by three experts, three evaluations, multiple hearings and two attempts at appellate review, the denial of funds to prove Orlando's testimony does not amount to an abuse of discretion. The trial court carefully set forth the substance and depth of the already years-long evaluation of Appellant's competency and determined that the issue was closed and it was now time to proceed with trial. There was no abuse of discretion in the denial of the appropriation of funds for Orlando to testify or in the trial court's consideration of the substance of the third expert report regarding Appellant's competency. Appellant's first assignment of error is without merit and is overruled.
ASSIGNMENT OF ERROR NO. 3
THE TRIAL COURT DENIED APPELLANT DUE PROCESS OF LAW, PURSUANT TO BOTH THE OHIO AND UNITED STATES CONSTITUTIONS BY FAILING TO HOLD A COMPETENCY HEARING WHEN THE ISSUE WAS RAISED ON THE DAY OF TRIAL.
{¶ 32} Appellant contends that the trial court erred when it denied a request for yet another competency hearing made on the day of trial. Appellant contends that the trial court was required to hold a competency hearing if the request is made prior to trial. See State v. Corethers, 90 Ohio App.3d 428, 433, 629 N.E.2d 1052 (8th Dist.1993). Appellant contends that the court was required to order another evaluation of Appellant's competency for *734 this hearing and that without the evaluation sought by counsel, the trial court would be "ill-equipped" to determine whether a defendant was competent to stand trial. (Appellant's Brf., pp. 9-10.)
{¶ 33} In the instant matter, counsel for Appellant was requesting a fourth competency evaluation of Appellant. As noted by the Second District in State v. Alvarado, 4th Dist. No. 14CA3423, 2014-Ohio-5374, 2014 WL 6878449, ¶ 6 :
In a criminal action the defense may raise the issue of a defendant's competence to stand trial, and if the issue is raised prior to trial, the court must hold a hearing on the issue. R.C. 2945.37(B). However, this provision does not require the court to order an evaluation prior to the hearing. State v. Perotti, 4th Dist. Scioto No. 89CA1845, 1991 WL 87303, *7 (May 15, 1991). Rather, R.C. 2945.371(A) states that if the defendant raises the issue of competency, the trial court "may order one or more evaluations of the defendant's present mental condition * * *." Accordingly, a competency evaluation is not required every time the issue of competency is raised by the defendant. State v. Stahl, 2nd Dist. Greene No. 2004-CA-69, 2005-Ohio-2239 [2005 WL 1060618], ¶ 19.
{¶ 34} It is within the discretion of the trial court to determine whether multiple evaluations for competency should be conducted. In re J.B., 12th Dist. No. CA2004-09-226, 2005-Ohio-7029, 2005 WL 3610482, ¶ 35. This record already contained three evaluations of Appellant's competency to stand trial conducted within a two-year period. As noted, the trial court presented a detailed analysis at the second competency hearing of these evaluations before issuing its second determination on competency. There is nothing in this record to demonstrate any marked change in Appellant's mental condition nor were any findings made in the third evaluation which demonstrated a need for further inquiry into competency. We see nothing in the trial court's decision that is unreasonable, arbitrary or unconscionable. Two of the three previous evaluations concluded that Appellant was competent to stand trial, there is no evidence at trial or sentencing that Appellant exhibited unusual or irrational behavior which would have called her competency during trial into question. The trial court did not abuse its discretion in denying another evaluation of Appellant's competency on the day of trial. Appellant's third assignment of error is without merit and is overruled.
Conclusion
{¶ 35} Based on the foregoing, we conclude that Appellant's assignments of error are without merit and the judgment of the trial court is affirmed.
Donofrio, J., concurs.
Robb, P.J., concurs.