[Cite as *State v. Haji*, 2023-Ohio-4807.]

IN THE COURT OF APPEALS OF OHIO
THIRD APPELLATE DISTRICT
UNION COUNTY


STATE OF OHIO,

    PLAINTIFF-APPELLEE,

    CASE NO. 14-23-02

    v.

HUSSEIN J. HAJI,

    O P I N I O N

    DEFENDANT-APPELLANT.


Appeal from Marysville Municipal Court
Trial Court No. TRC2200001A

Judgment Reversed and Cause Remanded

Date of Decision: December 28, 2023


APPEARANCES:

    *Alison Boggs* for Appellant

    *Courtland A. Perry and Andrew Bigler* for Appellee

**WILLAMOWSKI, J.**

{¶1} Defendant-appellant Hussein J. Haji ("Haji") brings this appeal from the judgment of the Marysville Municipal Court finding him guilty of operating a motor vehicle while under the influence. On appeal Haji claims that 1) the trial court erred by accepting his guilty plea without first resolving the question of his competency and 2) that he was denied the effective assistance of counsel. For the reasons set forth below, the judgment is reversed and the matter is remanded for further proceedings.

{¶2} On January 1, 2022, Ohio State Patrol Trooper Picklesimon ("Picklesimon") stopped a vehicle at 7:42 p.m. when he noticed it only had auxiliary lighting in the front of the vehicle. The vehicle then passed a car and semi without signaling. Picklesimon identified the driver as Haji and noted that Haji seemed confused and lost. Picklesimon also noted that Haji's eyes were blood-shot and there was a strong odor of an alcoholic beverage coming from the passenger side of the vehicle. Picklesimon then conducted field sobriety tests on Haji, which Haji failed.

{¶3} Haji was charged with operating a motor vehicle while under the influence in violation of R.C. 4511.19(A)(1)(a) and R.C. 4511.19(A)(2), a third offense in a ten-year period with a refusal to submit to blood alcohol testing, running a red light in violation of R.C. 4511.13, failure to use his headlights in violation of

R.C. 4513.14, and possession of marijuana in violation of R.C. 2925.11(C)(2).

After entering pleas of not guilty, Haji was released on his own recognizance.

{¶4} A pretrial hearing was held on April 1, 2022. Haji did not appear at the hearing. At that time, the following discussion was held.

> The Court: Is your client here?
>
> Mr. Probst: He's not. I – I'm prepared to offer an explanation, so. But, yeah, I've been in touch with Mr. Haji. I've represented him before. And his sister is actually out in the hallway if you wanted to hear from her. But I spoke with him on Wednesday. He – I understand he's having some serious – some mental health issues, and it got so bad last night. I got a call from his sister this morning who was saying that he had a panic attack. He was up all night. He's – she says that he's erratic. He's having just serious mental health issues. So he didn't show up. I can say this. I, you know, in my opinion, Mr. Haji is not a flight risk. He's always been in touch with me. I'm retained. I know he's not here. I guess I'm asking the Court – what I want to do ultimately is I want to try to see if I can get him an evaluation. I think he probably needs a competency/mental health evaluation. * * * Is there – is there – could the Court put an order on or who would do something like that up here in Municipal Court?
>
> The Court: * * * As far as a competency issue, if you feel there is an issue, you'll probably need to file something with the Court. That will be at your expense to have the competency. I can stay the proceedings until you have your test. And then if you'll file the results of the test.

(Tr. 4-5). The trial court then granted a continuance to have the competency evaluation completed. On May 23, the trial court filed an entry setting a new pretrial date and noting that no evaluation had been filed with the court at that time.

**{¶5}** The next pretrial was held on June 17, 2022. At that hearing, Haji again did not appear. The following dialogue occurred between the trial court and defense counsel.

> The Court: Why isn't your client here this morning?
>
> Mr. Probst: * * * He is – I spoke with my client's sister as well as a case worker. I believe that my client – and I'm not going to be able to confirm because they're not going to give me HIPAA information. But I believe he's at the Mt. Carmel Behavioral Center. He's got a lot of mental health issues. And I had spoken with a woman who is his prior case worker. And she told me that it's her understanding that he is in Mt. Carmel Behavioral Center. That's all I know right now. You know, this – this young man has a lot of mental health issues. * * * He just has some serious mental health issues. And so I haven't been able to confirm where he is.
>
> The Court: If he's at a facility, why hasn't there been a competency report made as you requested at his expense?
>
> Mr. Probst: Yeah. Well, my understanding was that he was, according to his sister, he was – had been shot in the leg and he didn't make it to his appointment. I don't know. I mean, I think that he has a lot of serious mental health issues * * *.
>
> * * *
>
> I'm frustrated too, your Honor. I would like to get this taken care of. I mean, I have – I have family telling me that he's got serious mental health issues. And I can't seem to get anything done. Is that a result of his mental health issues? Maybe. I don't know. * * *

(Tr. 4-6). At the conclusion of the hearing, the trial court set the case for another pretrial in an attempt to have Haji present.

**{¶6}** At the July 8, 2022 pretrial, counsel for Haji informed the trial court that Haji had been self-admitted into the Mount Carmel Behavioral Health Center

on June 7 and then discharged himself on June 15. Counsel then informed the trial court that at that time, Haji was in the Franklin County Jail for a probation violation. Counsel then requested that the trial court issue a bench warrant to get Haji transferred to the local jail so that a competency evaluation could be completed. Counsel again indicated to the trial court that in his opinion, there were significant issues with Haji's competency. The trial court noted at this hearing that he had never seen the defendant. The trial court then agreed to issue a bench warrant. Haji was arrested pursuant to the bench warrant and a bond hearing was held on July 15, 2022. The trial court then released Haji on his own recognizance and the matter was continued again until September 7, 2022, to allow Haji to secure a competency evaluation.

{¶7} On September 7, 2022, a competency hearing was held. At that time, Haji presented some medical records showing a general medical exam. No competency evaluation was presented and the trial court made no decision regarding competency. However, the issue of competency continued to be raised throughout the proceedings.

{¶8} At the December 14, 2022 pretrial, counsel for Haji again indicated that he had concerns with Haji's competency. Counsel made the following statements to the trial court.

> Your Honor, so I have some concerns. [Haji] came into my office yesterday and initially indicated he didn't know what was going on and then he would flip and tell me he does know what's going on. All

this led to that he said he would plead guilty to the OVI (INAUDIBLE). * * * So quite frankly, here's my concerns, Judge. I've had these concerns from a long time ago. I wish my client would have complied. But I think that he's got some serious mental health, psychiatric problems. I have some medical records that – that's been given to me that, of course, I've never been authorized to disclose to the Court. They aren't competency records. But they are records that cause great serious red flags with me as a lawyer. And ethically, I don't think I can go forward with a plea with Mr. Haji because I have such serious concerns.

(Tr. 5-6). The trial court noted that it had given Haji time to obtain the competency hearing at his expense. The trial court then indicated that he would not grant any more continuances.

{¶9} On December 15, 2022, the trial court held a change of plea hearing at which Haji entered a plea of guilty to the OVI charge and the remaining charges were dismissed. Before accepting the change of plea, the trial court addressed Haji, but only asked yes or no questions. Haji answered "Yes, sir" to all of the questions. When the trial court asked Haji if he had any questions, Haji again answered "Yes, sir", but no one followed up with Haji as to what questions he had. (Tr. 13). The trial court then accepted the guilty plea and found Haji to be guilty. Haji appeals from this judgment and on appeal raises the following assignments of error.

**First Assignment of Error**

**The trial court erred in accepting [Haji's] guilty plea before conducting a competency hearing pursuant to R.C. 2945.37 and 2945.371.**

## Second Assignment of Error

**[Haji] received ineffective assistance of counsel, in violation of his constitutional right to be represented effectively by counsel.**

*Competency Evaluation*

{¶10} In the first assignment of error, Haji claims that the trial court erred by accepting his guilty plea before conducting a competency hearing. The issue of a defendant's competence to stand trial is controlled by R.C. 2945.37, which states in pertinent part as follows.[1]

> B) In a criminal action in a court of common pleas, a county court, or a municipal court, the court, prosecutor, or defense may raise the issue of the defendant's competence to stand trial. If the issue is raised before the trial has commenced, *the court shall hold a hearing* on the issue as provided in this section. If the issue is raised after the trial has commenced, the court shall hold a hearing on the issue only for good cause shown or on the court's own motion.

> (C) The court shall conduct the hearing required or authorized under division (B) of this section within thirty days after the issue is raised, unless the defendant has been referred for evaluation in which case the court shall conduct the hearing within ten days after the filing of the report of the evaluation or, in the case of a defendant who is ordered by the court pursuant to division (I) of section 2945.371 of the Revised Code to undergo a separate intellectual disability evaluation conducted by a psychologist designated by the director of developmental disabilities, within ten days after the filing of the report of the separate intellectual disability evaluation under that division. A hearing may be continued for good cause.

> * * *

> H) Municipal courts shall follow the procedures set forth in sections 2945.37 to 2945.402 of the Revised Code. Except as provided in

---

[1] The quoted version of the statute was in effect from August 3, 2021 to April 5, 2023, so would be the version applicable to this case at the time of the proceedings.

section 2945.371 of the Revised Code, a municipal court shall not order an evaluation of the defendant's competence to stand trial or the defendant's mental condition at the time of the commission of the offense to be conducted at any hospital operated by the department of mental health and addiction services. Those evaluations shall be performed through community resources including, but not limited to, certified forensic centers, court probation departments, and community mental health services providers. All expenses of the evaluations *shall* be borne by the legislative authority of the municipal court, as defined in section 1901.03 of the Revised Code, and shall be taxed as costs in the case.

R.C. 2945.37 (emphasis added). Further, R.C. 2945.371(A) indicates that "[i]f the issue of a defendant's competence to stand trial is raised * * * the court may *order* one or more evaluations of the defendant's present mental condition * * *." (Emphasis added).

**{¶11}** Here, the issue was raised by defense counsel at the April hearing. Once the issue was raised the trial court was required to hold a hearing. "[A]n inquiry into the defendant's competency is necessary to ensure his right to a fair trial." *State v. Shine*, 2018-Ohio-2491, 115 N.E.3d 723, ¶ 14 (7th Dist.). The State argues that the trial court did hold a hearing on September 7, 2022. The record shows that a hearing was held for the purpose of a competency evaluation review. However, the record also shows that no evaluation was completed. The transcript shows that at no point did the trial court speak with the defendant at that hearing. At the change of plea hearing, Haji did not testify, instead simply answering yes or no to questions about whether he understood the rights he was waiving by pleading guilty. Thus, Haji's responses to the questions and the trial court's interactions with

Haji prior the change of plea were insufficient to demonstrate competency. *See State v. Flanagan*, 2017-Ohio-955, 86 N.E.3d 681 (8th Dist.). The trial court did not make a finding of competency following the hearing. Additionally, there was indicia of incompetence in the record based upon the statements of counsel and Haji's repeated inpatient stays at mental health facilities. Given all of this, the procedures in this case did not comply with the statutory requirements, which led to Haji entering his plea with the issue of his competency unresolved.

{¶12} Additionally, the April hearing did not result in an order for Haji to submit to an evaluation. A review of the record shows that no court order that Haji obtain an evaluation was ever made despite numerous statements of concern by counsel. All the trial court did was grant a continuation to allow Haji to obtain a competency evaluation at *his expense*. This is contrary to the statutory mandate that all expenses of the evaluation are to be borne by the State and taxed as costs in the case. Given the failure to comply with statutory mandates to determine competency once the issue is raised, this Court sustains the first assignment of error.

*Effective Assistance of Counsel*

{¶13} Haji's second assignment of error claims that he was denied the effective assistance of counsel. Having determined that the trial court erred by failing to determine the competency of Haji after the issue was repeatedly raised, the issue of the effectiveness of counsel is moot. Pursuant to App.R. 12(A)(1)(c), this Court will not address the second assignment of error at this time.

{¶14} Having found error prejudicial to the appellant in the particulars assigned and argued, the judgment of the Marysville Municipal Court is reversed and the matter is remanded for further proceedings in accord with this opinion.

*Judgment Reversed*
*And Cause Remanded*

**WALDICK, J. concurs.**

**MILLER, P.J., concurring separately.**

{¶15} I concur with the judgment of the majority and agree that the trial court never resolved the issue of Haji's competence to stand trial. I write separately to identify some of the challenges a court must overcome when a criminal defendant raises psychiatric issues as part of his or her criminal case.

{¶16} The record in this case is replete with defense counsel's opinion and concern that his client was suffering from serious mental health issues. From the record before us, it appears trial counsel was correct to raise the issues of Haji's competency.[2] Counsel had been informed by Haji's sister and a social worker of Haji's psychiatric history and various hospitalizations during the course of the case. Counsel continued to raise this issue throughout the proceedings, even after the September 7, 2022 competency hearing. During a telephonic final pretrial the day before the scheduled jury trial, counsel reiterated to the court:

> I've had these concerns from a long time ago. I wish my client would
> have complied. But I think that he's got some serious mental health,

---

[2] This does not mean we condone trial counsel's failure to file a written motion as instructed by the court.

psychiatric problems. I have some medical records that – that's been given to me that, of course, I've never been authorized to disclose to the Court. They aren't competency records. But they are records that cause great serious red flags with me as a lawyer. And ethically, I don't think I can go forward with a plea with Mr. Haji because I have such serious concerns.

(Dec. 14, 2022 Tr. at 5-6).

**{¶17}** Faced with a lack of evidence to refute the presumption of competency contained in R.C. 2945.37(G), a case that had been pending for a year, and a jury scheduled to appear the next morning, the trial court understandably used this final pretrial to push for a resolution. However, when the court asked if the defense was prepared to go forward with the jury trial, counsel responded, "No. I think he would probably do a plea to – to the charge before he goes to a jury trial. But I just, you know, like I said, I just have my concerns." (*Id*. at 9-10). In spite of these concerns, the trial court took Haji's plea the next morning without inquiring further of counsel or Haji regarding any mental health issues.

**{¶18}** In my view the trial court erred by placing all responsibility on defense counsel to obtain an evaluation to demonstrate his client's incompetence. It is evident that counsel failed to obtain the requisite evaluation or appropriate information to present at the September 7, 2022 competency hearing. Counsel was hindered by his client's lack of cooperation, hospitalizations and incarcerations. These issues are not atypical of a defendant suffering from mental health issues.

{¶19} In a criminal action, the court, the prosecutor or the defense may raise the issue of a defendant's competence to stand trial. R.C. 2945.37(B). Certainly if the court or the prosecutor raise questions of a defendant's competency, the process of determining competency becomes less adversarial and more a matter of providing due process in order to effectuate justice. No less is true when the matter is legitimately raised by defense counsel.

{¶20} R.C. 2945.37(H) indicates that municipal courts shall follow the procedures outlined in R.C. 2945.37 to 2945.402 relating to competency and not guilty by reason of insanity. This section reads:

> **Municipal courts shall follow the procedures set forth in sections 2945.37 to 2945.402 of the Revised Code. Except as provided in section 2945.371 of the Revised Code, a municipal court shall not order an evaluation of the defendant's competence to stand trial or the defendant's mental condition at the time of the commission of the offense to be conducted at any hospital operated by the department of mental health and addiction services. Those evaluations shall be performed through community resources including, but not limited to, certified forensic centers, court probation departments, and community mental health services providers. All expenses of the evaluations shall be borne by the legislative authority of the municipal court, as defined in section 1901.03 of the Revised Code, and shall be taxed as costs in the case. If a defendant is found incompetent to stand trial or not guilty by reason of insanity, a municipal court may commit the defendant as provided in sections 2945.38 to 2945.402 of the Revised Code.**

R.C. 2945.37(H). Further, R.C. 2945.371(A) indicates that "[i]f the issue of a defendant's competence to stand trial is raised * * * the court may *order* one or

more evaluations of the defendant's present mental condition * * *." (Emphasis added).

**{¶21}** Reading these two code sections *in pari materia*, shows that municipal courts must order competency evaluations and direct that they be completed through community resources and paid for by the legislative authority of the municipal court. Additionally, because the municipality is to pay the expense of the evaluation, the court will necessarily have to issue one or more orders directing the municipal auditor or other official to make such payment and then assessing the payment as cost in the case. Consequently, a municipal court cannot simply direct a defendant to obtain a competency evaluation, much less to do so at his or her own expense.

**{¶22}** The record shows this case remained on the trial court's docket for an inordinate amount of time due to defense counsel's repeated continuance requests in order to obtain the desired evaluation. The process was stymied at multiple points by Haji's hospitalizations for a gunshot wound and mental health treatment. (July 8, 2022 Tr. at 4). While it is understandable that the court and counsel would expect the mental health providers treating a defendant in a hospital setting to be able to provide a competency evaluation, frequently this is not the case.

**{¶23}** Also complicating the court proceedings was the lack of participation by Haji, who frequently failed to appear—sometimes due to his hospitalizations, at least once because he was in custody and sometimes without any valid explanation. At one point when Haji was in custody in another county, counsel suggested the

court issue a bench warrant to "get him transferred up here and we can get him assessed and we can deal with it." (*Id*. at 6). The court did issue a bench warrant and Haji was transferred to the custody of the Union County Sheriff. However, at a subsequent bond hearing, Haji was released on his own recognizance. Considering the difficulty in having Haji evaluated, the court would have been within its authority to release Haji from custody with an additional bond condition that he submit to an evaluation. R.C. 2945.371(C)(1) provides, "If the court orders an evaluation * * *, the defendant shall be available at the times and places established by the examiners who are to conduct the evaluation. The court may order a defendant who has been released on bail or recognizance to submit to an evaluation under this section." Further, if a defendant released on bond refuses to submit to an evaluation, the court may, in appropriate circumstances, utilize the provisions of R.C. 2945.371(C)(2) and (D) to facilitate the evaluation process.

{¶24} Because defense counsel was left to obtain a competency evaluation without the assistance of the court utilizing the statutory tools available to accomplish the evaluation, the issue of Haji's competency to proceed was never properly resolved. Consequently the court's judgment must be reversed and the case must be remanded.